UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-23-GWU

CARLOS JASON ADAMS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment. Pursuant to § 83.11 of the Joint Local Rules for Civil Practice, the plaintiff's request for oral argument is denied.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a

4

factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);

however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. <u>Ibid</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Carlos Jason Adams, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of chronic low back pain and neck pain secondary to degenerative disc disease of the cervical and lumbar spine with a mild disc bulge at L5-S1, estimated borderline intellectual functioning, a major depressive disorder, and a generalized anxiety disorder. (Tr. 21). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Adams retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 23-7). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were

limited to "light" level exertion, standing or walking approximately two hours in an eight-hour day and sitting approximately six hours in an eight-hour day, and also had the following non-exertional restrictions.  (Tr. 451).  He: (1) could occasionally push or pull (operate foot pedal controls) with his right leg; (2) could not climb ladders, ropes, or scaffolds; (3) could occasionally balance, stoop, crouch, crawl, and climb stairs or ramps; and (4) would be limited to entry level work with simple, repetitive, one-, two-, and three-step procedures, no frequent changes in work routine, no requirement for detailed or complex problem solving, "no planning or setting goals," occasional interaction with the general public, coworkers, or supervisors, and preferably working in an object-oriented environment. (Id.).  The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies.  (Tr. 452).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

Mr. Adams alleged disability beginning August 25, 2003 due to a back injury. (Tr. 127).  The only treating source to give an opinion regarding his physical restrictions was Dr. Sai P. Gutti, a specialist in pain management.  After treating Mr. Adams for approximately ten months, Dr. Gutti opined on September 2, 2004 that

he would release his patient for light duty work only with no bending or stooping. (Tr. 362, 364).

The Sixth Circuit has held that it is a procedural error for an ALJ to fail to give "good reasons" for not following a treating physician's opinion. Wilson v. Commissioner of Social Security, 378 F.3d 541 (6th Cir. 2004). In the present case, Dr. Gutti's opinion was not fully mentioned in the ALJ's decision, which described it only as a release to light duty work. (Tr. 22). Social Security Ruling (SSR) 85-15 states that a limitation to occasional stooping leaves the sedentary and light occupational base virtually intact, but does not discuss the vocational effect of a prohibition on bending and stooping. SSR 85-15, p. 7. Therefore, there is no way of knowing what the VE would have testified had he been given Dr. Gutti's postural restrictions.

Although a good reason for rejecting Dr. Gutti's postural restrictions is required under the Wilson rationale, the court notes that the state agency physical assessment consistent with the hypothetical question appears to be unsigned and undated. (Tr. 235-42).[1] In any event, for the opinion of a non-examining reviewer to be accepted over a treating source, the reviewer must have had access to the entire record and clearly stated the reasons for his difference of opinion. Barker v.

---

[1] A statement signed by a state agency reviewer, Dr. J. E. Baez-Garcia, appears to indicate that the plaintiff would have no severe physical restrictions (Tr. 234), but this is clearly not consistent with the limitations in the adjacent RFC. (Tr. 235-42).

Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  The state agency assessment does not contain any mention of Dr. Gutti's restrictions, and it appears unlikely that the reviewer had access to all of the evidence.

In addition, the mental factors found by the ALJ are not entirely consistent with the restrictions found by state agency psychological reviewers Edward Stodola and Ed Ross.  (Tr. 213-15, 258-9).  Since the ALJ rejected the opinions of examining psychological sources, it was all the more important that he observe the requirement of 20 C.F.R. § 1527(f)(2)(ii) requiring the ALJ to consider the findings of state agency consultants and explain the weight given to their opinions, unless a treating source is given controlling weight.  As the plaintiff points out, the ALJ did not specifically deal with the reports of two examining psychologists, Eric Johnson and John W. Ludgate (Tr. 173-7, 189-92); and it is also noteworthy that a treating source at the Kentucky River Community Care mental health clinic, Psychiatrist Artie A. Bates, had assigned a very low Global Assessment of Functioning (GAF) score of 40 in February, 2005 and stated that Mr. Adams was suffering from severe depression (Tr. 292-4).  The examiners suggest greater restrictions than found by the ALJ, making the importance of proper consideration of the reviewers evident.

The plaintiff also submitted additional evidence to the Appeals Council. While this evidence cannot be considered as a part of the court's substantial evidence review in the absence of a showing by the plaintiff that it is material and

that there was good cause for failing to submit it earlier, <u>Cline v. Commissioner of Social Security</u>, 96 F.3d 146, 148-9 (6th Cir. 1996), it can be considered along with other new evidence on remand.[2]

The decision will be remanded for further consideration.

This the 12th day of November, 2008.

Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**

---

[2] Not all of the exhibits described by counsel for the plaintiff in his cover letter to the Appeals Council are contained in the court transcript. (Tr. 409-30). In particular, it appears that a physical assessment by Dr. Gutti has been left out.